## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HARLEY ALLEN MULLINS, individually and on behalf of all other similarly situated ) ) ) Plaintiff, ) ) v. ) ) CENTRAL MANAGEMENT SOLUTIONS, LLC ) ) Defendant. ) ) | Civil Action No.: <br><br> Class Action Complaint <br><br> Jury Trial Demanded |

## CLASS ACTION COMPLAINT

Plaintiff Harley Allen Mullins ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Central Management Solutions, LLC ("Defendant") and alleges as follows:

### BACKGROUND

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Defendant to make pre-recorded calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3. The recipients of Defendant's illegal calls, which include Plaintiff and the proposed Class, are entitled to damages under the TCPA, and because the technology used by Defendant makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff is an individual residing in Clare County, Michigan which is located in this District.

5. Defendant is a limited liability company headquartered in Conyers, Rockdale County, Georgia.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. The Court has personal jurisdiction over the Defendant and venue is proper because Plaintiff resides in this District and Defendant made its calls to Plaintiff into this District.

## FACTUAL ALLEGATIONS

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a debt collections agency that does business under the name Resolve First Financial.

10. Plaintiff's cellular telephone number, (989) XXX-XXX, is a non-commercial telephone number.

11. Plaintiff acquired his telephone number on August 25, 2025.

12. In November 2025, Plaintiff received at least seven calls from Defendant.

13. On each call Defendant left an artificial or prerecorded voicemail.

14. On November 6, Defendant called Plaintiff twice.

15. On November 10, Defendant called Plaintiff twice again.

16. On November 10, Defendant called Plaintiff twice from telephone number (734) 659-2334.

17. On November 18, Defendant called Plaintiff twice from telephone number (231) 484-1732.

18. Plaintiff rejected both of Defendant's calls, and Defendant left the same prerecorded voicemail which stated, "This is Resolve First Financial calling number shown on your caller ID to be connected. Thank you."

19. Plaintiff called the telephone number back and spoke with an individual who identified himself as associated with the Defendant.

20. The voicemails left for Plaintiff were prerecorded because they sounded artificial in their tone, speech, content, inflection, and wording.

21. The voice sounded fake, like a robot.

22. Moreover, both voicemails left for Plaintiff on November 18, 2025 were identical.

23. The calls were intended for someone other than the Plaintiff.

24. Plaintiff did not give Defendant prior express consent or permission to deliver or cause to be delivered, advertisement or marketing text messages or prerecorded voicemails to telephone number (989) XXX-XXXX.

25. Plaintiff did not request information or promotional materials from Defendant

26. The calls were unwanted.

27. Defendant placed the subject calls voluntarily and under its own free will.

28. Plaintiff and other call recipients were harmed by these calls. They were

3

temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls, and their privacy was improperly invaded.

29. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

## CLASS ACTION ALLEGATIONS

30. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

31. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

32. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but did not provide their phone number to the Defendant and do not have an account with the Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification

33. Excluded from the Class is counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

34. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

4

35. This Class Action Complaint seeks injunctive relief and money damages.

36. The Class as defined above, is identifiable through Defendant's dialer records, other phone records, and phone number databases.

37. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

38. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

39. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

40. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

41. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

   a. Defendant's violations of the TCPA;
   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;
   c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;
   d. Defendant's use of an artificial or prerecorded voice; and
   e. The availability of statutory penalties.

42. Further, Plaintiff will fairly and adequately represent and protect the interests of the

Class. Plaintiff has no interests which are antagonistic to any member of the Class.

43. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

44. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

46. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## COUNT I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
### (On Behalf of Plaintiff and the Robocall Class)

47. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-56.

48. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

49. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the

6

class, without consent.

50. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from using artificial or prerecorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

B. That the Court enter a judgment awarding Plaintiffs and all class members statutory damages for each violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; AND

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this 12th day of December, 2025.

*s/ Anthony I. Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043

7

                                                Tel: (617) 485-0018
                                                Fax: (508) 318-8100
                                                anthony@paronichlaw.com
                                                *Counsel for the Plaintiff*